IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENIS ELKAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-2167-SMY |
| | ) |
| JAMES PATRICK RANSPOT and | ) |
| MELTON TRUCK LINES, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are 74 motions *in limine* filed by Defendant (Doc. 97). The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

Clearly, Defendants did not keep these principals in mind when filing their motions *in limine*. Instead, in many instances, they have employed this useful tool to interpose frivolous

requests and unnecessarily expend judicial resources. It is wholly unnecessary to seek a ruling from the Court that essentially directs the parties to comply with the Federal Rules of Civil Procedure and Evidence. Likewise, vague, generic, boilerplate, and expansive motions *in limine* serve no purpose – nor do motions *in limine* that are unsupported by case law.

Moreover, many of Defendants' 74 motions *in limine* could have been resolved by the parties prior to bringing them to the Court's attention. But Defendants' tactics were matched by Plaintiff's unreasonable failure to concede those motions that seek to exclude obviously irrelevant material. For these reasons, Defendants' Motions in Limine 1, 2, 3, 7, 8, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, and 74 are **DENIED as frivolous**.

The Court rules as follows on the remaining motions in limine:

### *Motion in Limine 4*

Defendants seek to exclude testimony by Plaintiff about what medical providers have told him regarding his condition. Plaintiff may certainly testify about his symptoms and future course of treatment based on his own knowledge. But he may not testify about what medical providers told him regarding his diagnosis and medical condition. To that extent, this motion is **GRANTED**.

### *Motion in Limine 5*

Defendants seek to exclude evidence of Plaintiff's diagnoses, the causes of his conditions, or his future treatment other than through evidence from a medical expert. Plaintiff may testify about the symptoms he experienced following the accident, whether he had those symptoms before the accident, and what treatment he has received for his claimed injuries. As far as a prohibition against Plaintiff testifying with respect to possible future medical treatment, he may testify that a doctor has recommended treatment or that he is going to have certain

treatment. He cannot however opine that the accident caused his injuries or his need for future treatment; that is in the realm of expert testimony. With that caveat, this motion is **DENIED**.

### *Motion in Limine 6*

Defendants seek to exclude evidence of unsubstantiated work restrictions allegedly placed upon Plaintiff by a physician or a healthcare provider. Plaintiff may testify as to any limitations that he experienced which he relates to his injuries. To that extent, this motion is **DENIED**.

### *Motion in Limine 9*

Defendants seek to exclude any evidence regarding Plaintiff's alleged concussion and incontinence. This motion is related to anticipated testimony by Dr. Patel and should have been the subject of a *Daubert* motion, which has not been filed. If Dr. Patel testifies about an alleged concussion and gives an opinion regarding causation or incorporates in his opinions other medical records that refer to such, they are not excludable. Accordingly, this motion is **DENIED**.

### *Motion in Limine 10*

Defendants seek to exclude the photographs of the damage to the vehicles involved in the accident. Defendants argue that liability is admitted and as a result, the damage to the vehicles is irrelevant. The damage to the vehicles demonstrates the nature and extent of the accident and the amount of force involved, which is relevant to the disputed issue of the proximate cause of Plaintiff's claimed injuries. This motion is **DENIED**.

### *Motion in Limine 11*

Defendants seek to exclude the video footage recorded from Defendants' truck. For the same reasons noted in the Court's ruling on MIL 10, such evidence, to the extent it shows

damage to the vehicles immediately following the accident, is relevant. This motion is **DENIED**.

### *Motion in Limine 12*

Defendants seek to exclude evidence of any traffic citations that may have been issued to Defendant Ranspot. Such evidence is irrelevant and immaterial to the issues of proximate cause and damages. Accordingly, this motion is **GRANTED**.

### *Motion in Limine 13*

Defendants seek to exclude an Illinois Traffic Crash Report of the accident. The Report is not relevant to proximate cause and/or damages. Accordingly, this motion is **GRANTED**.

### *Motion in Limine 14*

This motion is **GRANTED** without objection.

### *Motion in Limine 15*

Defendants seek to exclude a training video of the accident used by Defendant Melton to train its employees. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

### *Motion in Limine 16*

Defendants seek to exclude evidence that Defendant Ranspot met with or communicated with Melton employees regarding the accident. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

### *Motion in Limine 17*

Defendants seek to exclude any comments or statements made by any Melton employee regarding the "serious-looking" nature of the accident. Such evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

*Motion in Limine 18*

Defendants seek to exclude evidence that Ranspot falsified records including logbooks. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

*Motion in Limine 19*

Defendants seek to exclude evidence that they did not produce all or some of the records Plaintiff requested. Whether all records requested were produced is a discovery issue – not an evidentiary issue. Accordingly, this motion is **GRANTED**.

*Motion in Limine 20*

This motion is **GRANTED** without objection.

*Motion in Limine 21*

Defendants seek to exclude evidence of Ranspot's employment history after the accident, including the fact that he is no longer employed by Melton. This evidence is irrelevant and immaterial. Accordingly, the motion is **GRANTED**.

*Motion in Limine 22*

This motion is **GRANTED** without objection.

*Motion in Limine 23*

Defendants seek to exclude evidence regarding the status of Ranspot's commercial license following the accident. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

*Motion in Limine 24*

Defendants seek to exclude evidence that Ranspot operated any type of commercial motor vehicle without having first obtained his commercial driver's license. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

*Motion in Limine 25*

Defendants seek to exclude evidence that Ranspot failed any portion of any test to obtain his commercial driver's license. This evidence is irrelevant and immaterial to causation and/or damages. Accordingly, the motion is **GRANTED**.

*Motion in Limine 26*

Defendants seek to exclude evidence of Ranspot's operation of a commercial motor vehicle or 18-wheeler following the subject accident. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

*Motion in Limine 27*

This motion is **GRANTED** without objection.

*Motion in Limine 28*

This motion is **GRANTED** without objection.

*Motion in Limine 29*

This motion is **GRANTED** without objection.

*Motion in Limine 30*

This motion is **GRANTED** without objection.

*Motion in Limine 31*

Defendants seek to exclude evidence that Ranspot sustained injuries or experienced symptoms as a result of the subject accident. Defendants argue that Ranspot did not place his medical condition at issue and that it is irrelevant to this case. To the extent that Defendants are disputing the nature and extent of Plaintiff's injuries and causation, <u>some</u> evidence of Ranspot's injuries is relevant and probative of the force of the accident. The relevance probative value of particular evidence will be determined at trial. Accordingly, this motion is

**DENIED**.

### *Motion in Limine 32*

Defendants seek to exclude evidence of Ranspot's medical condition. Again, to some limited degree, the extent of Ranspot's injuries is relevant. The relevance and probative value of particular evidence will be determined at trial. Accordingly, this motion is **DENIED**.

### *Motion in Limine 33*

Defendants seek to exclude evidence that Ranspot's contact lenses fell out as a result of the accident. For the same reasons set forth above as to MIL 31, the relevance and probative value of particular evidence will be determined at trial. Accordingly, this motion is **DENIED**.

### *Motion in Limine 34*

Defendants seek to exclude evidence that Ranspot was unable to walk or had difficulty walking or standing after the accident. For the same reasons set forth above as to MIL 31, the relevance and probative value of particular evidence will be determined at trial. Accordingly, this motion is **DENIED**.

### *Motion in Limine 35*

Defendants seek to exclude evidence that Ranspot fell to the ground or was on the ground after the accident. For the same reasons set forth above as to MIL 31, the relevance and probative value of particular evidence will be determined at trial. Accordingly, this motion is **DENIED**.

### *Motion in Limine 36*

Defendants seek to exclude evidence that Ranspot had difficulty freeing himself from his vehicle or was pinned inside after the accident. For the same reasons set forth above as to MIL 31, the relevance and probative value of particular evidence will be determined at trial.

Accordingly, this motion is **DENIED**.

### Motion in Limine 37

Defendants seek to exclude evidence that Ranspot went to an emergency room or hospital or was transported after the accident. For the same reasons set forth above as to MIL 31, the relevance and probative value of particular evidence will be determined at trial. Accordingly, this motion is **DENIED**.

### Motion in Limine 38

Defendants seek to exclude evidence that Ranspot used crutches or other assistive devices after the accident. This evidence goes beyond that which is probative of the nature, extent, and causation of Plaintiff's injuries and is therefore irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

### Motion in Limine 39

Defendants seek to exclude evidence of medical treatment Ranspot received prior to the accident. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

### Motion in Limine 40

This motion is **GRANTED** without objection.

### Motion in Limine 41

This motion is **GRANTED** without objection.

### Motion in Limine 42

Defendants seek to exclude evidence of Melton's policies, including policies related to discipline, accidents, driving, and/or airlifting. Melton's policies are irrelevant and immaterial to the cause or extent of Plaintiff's injuries and damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 43*

Defendants seek to exclude evidence that Ranspot negligently and carelessly failed to observe the highway. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 44*

Defendants seek to exclude evidence that Ranspot was distracted prior to the accident. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 45*

Defendants seek to exclude evidence that Ranspot negligently and carelessly failed to drive at an appropriate speed. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 46*

Defendants seek to exclude evidence that Ranspot drove over the speed limit. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 47*

Defendants seek to exclude evidence that Ranspot was speeding. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 48*

Defendants seek to exclude evidence that Ranspot was speeding and failed to stop. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or

damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 49*

Defendants seek to exclude evidence that Ranspot negligently failed to keep a lookout. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 50*

Defendants seek to exclude evidence that Ranspot negligently and carelessly failed to use due care and caution. Liability is not at issue, and this evidence is irrelevant and immaterial to causation and/or damages. Accordingly, this motion is **GRANTED**.

*Motion in Limine 51*

Defendants seek to exclude evidence that the Defendants previously denied liability. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

*Motion in Limine 52*

This motion is **GRANTED** without objection.

*Motion in Limine 53*

Defendants seek to exclude evidence that Plaintiff's recovery will be shared by his attorney or others. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

*Motion in Limine 54*

Defendants seek to exclude argument that the jury should apply the "Golden Rule." This motion is **GRANTED**.

*Motion in Limine 55*

Defendants seek to exclude argument that the jury should send a message. There is no

claim for punitive damages. Accordingly, this motion is **GRANTED**.

### *Motion in Limine 56*

Defendants seek to exclude any evidence that Plaintiff is or may be under a financial burden or hardship. This request is overbroad; Plaintiff may certainly introduce evidence to support his claims for lost wages and medical expenses, and that evidence in-and-of-itself may suggest that Plaintiff is under a financial burden or hardship. To that extent, this motion is **DENIED**.

### *Motion in Limine 57*

Defendants seek to exclude statements that their attorneys are "corporate" or "big firm" lawyers. This motion is **DENIED**.

### *Motion in Limine 58*

Defendants seek to exclude evidence of Melton's net worth or financial condition. As there is no claim for punitive damages, such evidence is irrelevant. Accordingly, this motion is **GRANTED**.

### *Motion in Limine 59*

Defendants seek to exclude evidence of their insurance coverage. This evidence is irrelevant and immaterial. Accordingly, this motion is **GRANTED**.

### *Motion in Limine 60*

This motion is **GRANTED** without objection.

### *Motion in Limine 61*

Defendants seek to exclude evidence or comments relevant to a time span being broken down into smaller units. This motion is unsupported by case authority and is **DENIED**.

*Motion in Limine 70*

This motion is **GRANTED** without objection.

 **IT IS SO ORDERED.**

**DATED:  June 21, 2021**

**STACI M. YANDLE
United States District Judge**